UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **RICHARD PATTERSON, an individual; THEODORE ZYWICKI, JR., an individual; STEPHANIE IHLENFELD, an individual; KIM OLINS, an individual; and KIMBERLY MURRELL, an individual.**<br><br>*Individually and on Behalf of All Others Similarly Situated,*<br><br>        Plaintiffs,<br><br>v.<br><br>**PAIGE, LLC, a California limited liability company; and NORDSTROM, INC., a Washington corporation,**<br><br>        Defendants. | CASE NO:<br><br>**CLASS ACTION** |

**CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiffs RICHARD PATTERSON ("Patterson"), THEODORE ZYWICKI, JR. ("Zywicki"), STEPHANIE IHLENFELD ("Ihlenfeld"), KIM OLINS ("Olins"), and KIMBERLY MURRELL ("Murrell") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

1

## I. INTRODUCTION

1. This is a nationwide class action seeking monetary damages, restitution, injunctive and declaratory relief from Defendants PAIGE, LLC ("PAIGE") and NORDSTROM, INC. ("Nordstrom") (collectively "Defendants"), arising from their advertising, marketing, and sale of purportedly high quality, "luxury" jeans which quickly become worthless for their intended purpose as fashionable clothing, due to a defect in their design and/or manufacture.

2. Defendant PAIGE designs, manufactures, and distributes a collection of designer denim jeans (the "PAIGE Jeans"). PAIGE distributes and promotes the PAIGE Jeans throughout the United States and sells the PAIGE Jeans through its own retail stores as well as through retail partners, including Defendant Nordstrom. The PAIGE Jeans sell for a range of prices, but many pairs sell for over $200 each.

3. To justify these significant prices, the Defendants market both the supposed superior quality and luxury status of the PAIGE Jeans. For example, certain models of the PAIGE Jeans are sold by both Defendants with a hangtag boasting that "PAIGE redefines the standards of luxury …" and promises that "this fabric features an innovative formula that yields luxuriously soft denim that won't stretch out." Because this hangtag is placed on the PAIGE Jeans in the retail stores, consumers are reasonably expected to view these statements and rely upon them when choosing to purchase the Jeans.

4. In fact, the PAIGE Jeans are defectively manufactured and/or designed, such that the supposedly "luxurious" denim fabric warps and "puckers,"

creating ripples across the surface of the jeans which in turn renders the jeans unsightly, aesthetically unappealing, and ultimately useless for their intended purpose as luxury fashionwear:



5. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure to redress Defendants' failure to disclose and provide adequate warning to their customers that the PAIGE Jeans are defective and unfit for their ordinary and intended use, and for their sale of the defective "luxury" clothing to unwitting consumers.

## II.  THE PARTIES

6. Plaintiff Patterson is an adult resident of the state of Florida who resides in Miami, Miami-Dade County.

7. Plaintiff Zywicki is an adult resident of the state of Michigan who resides in Rochester, Oakland County.

8. Plaintiff Ihlenfeld is an adult resident of the state of Texas who resides in Austin, Travis County.

9. Plaintiff Olins is an adult resident of the state of California who resides in West Hills, Los Angeles County.

10. Plaintiff Murrell is an adult resident of the state of California who resides in Costa Mesa, Orange County.

11. Plaintiffs are informed and believe and thereon allege that Defendant PAIGE is a California limited liability company with its principal place of business at 10119 Jefferson Blvd., Culver City, California. PAIGE conducts extensive business throughout the United States where it distributes, promotes and sells its products to consumers through brick-and-mortar retail stores directly managed by PAIGE as well as through retail partners such as Nordstrom.

12. Plaintiffs are informed and believe and thereon allege that Defendant Nordstrom is a Washington corporation with its principal place of business at 1617 6th Ave, Seattle, Washington. Nordstrom conducts extensive business throughout the United States where it sells products to consumers through more than 350 retail stores, including approximately 22 locations in Florida.

## III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d)(2) and (6) because (i) the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, and (ii) there is minimal diversity because members of the proposed Class (including several of the Plaintiffs) are citizens of a State different from that of any Defendant.

14. This Court has personal jurisdiction over Defendants by virtue of their doing substantial business in this Judicial District, including the sale of the PAIGE Jeans in multiple brick and mortar retail locations in the District.

15. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391. Defendants conducted, and continue to conduct, business in this District, and a substantial part of the acts and omissions giving rise to the claims occurred, at least in part, within this District. Defendants market, advertise, and sell the defective products and otherwise conduct extensive business within this District.

### IV. FACTUAL ALLEGATIONS

#### A. Facts Relevant to All Claims and Parties:

16. As alleged above, Defendants represent to the public that the PAIGE Jeans – which may be sold for more than two hundred dollars each – are high quality fashion clothing, fit for such purposes. Thus, Defendants are impliedly warranting that the PAIGE Jeans are suitable for regular and expected use as aesthetically pleasing, fashionable clothing.

17. The PAIGE Jeans, however, are unfit for such use, because their purportedly "innovative" fabric develops unsightly "puckering" and ripples across the surface after normal use, ruining the aesthetic purpose behind purchasing such a purportedly "luxury" article of designer clothing. This puckering occurs regardless of the manner in which the Jeans are laundered, and thus cannot be blamed on the consumers – it is a defect in the design or manufacturing of the Jeans themselves.

B. **Facts Specific to Plaintiffs:**

18. Plaintiff Patterson is a resident of Miami, Florida. Within the past three years, Patterson purchased a pair of PAIGE Jeans from Nordstrom, which thereafter began displaying the "puckering" defect described above.

19. Plaintiff Zywicki is a resident of Rochester, Michigan. Approximately two years ago, Zywicki purchased multiple pairs of PAIGE Jeans from Nordstrom stores (both Nordstrom and Nordstrom Rack-branded locations), which thereafter began displaying the "puckering" defect described above.

20. Plaintiff Ihlenfeld is a resident of Austin, Texas. Within the past year, Ihlenfeld purchased a pair of PAIGE Jeans from PAIGE's retail store in Austin, Texas. Approximately one month after the purchase, the Jeans began displaying the "puckering" defect described above, despite Ihlenfeld never having placed the Jeans in a clothes dryer.

21. Plaintiff Olins is a resident of West Hills, California. Within the past four years, Olins purchased multiple pairs of PAIGE Jeans from Nordstrom, which thereafter began displaying the "puckering" defect described above, despite Olins never having placed any of the Jeans in a clothes dryer.

22. Plaintiff Murrell is a resident of Costa Mesa, California. Within the past three years, Murrell purchased multiple pairs of PAIGE Jeans from Nordstrom, which thereafter began displaying the "puckering" defect described above within approximately three to four months of their purchase, and despite having been worn only about four times. Although Murrell used a clothes dryer on certain pairs of

PAIGE Jeans and not others, all of her Jeans displayed the "puckering" defect, confirming that the defect is not a result of consumers' actions.

### C. Facts Common to All Class Members:

23. Unfortunately, Plaintiffs are not uniquely situated. The claims of the proposed Class all derive from Defendants' sale of the defective PAIGE Jeans and deceptive advertising concerning the purported quality of such goods.

24. Defendants engaged in uniform and standardized conduct toward the proposed Class. They did not differentiate, in degree of care or candor, in their actions or inactions, or in the content of their statements or omissions, among individual Class members.

25. The relevant, objective facts on these subjects are the same for all Class members.

26. Accordingly, Plaintiffs bring this lawsuit as a class action on their own behalf, and on behalf of all other persons similarly situated, as members of the proposed Class identified below, pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and/or (c)(4).

27. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these provisions as described below.

### V. CLASS ACTION ALLEGATIONS (LR 23.1):

28. Pursuant to Federal Rule of Civil Procedure 23 and Local Rule 23.1, Plaintiffs bring this class action individually and on behalf of the following proposed

nationwide class of persons (the "Class"), initially defined as all persons or entities in the United States who made retail purchases of one or more pairs of PAIGE Jeans from a physical retail store operated by one of the Defendants, where such purchase occurred during the period between four years prior to the filing of this action and the date of the final disposition of this action, and/or such subclasses as the Court may deem appropriate (the "Class").

29. The Class does not include Defendants; any affiliate, parent or subsidiary of any of the Defendants; any entity in which any of the Defendants has a controlling interest; any officer, director or employee of any of the Defendants; any successor or assign of any of the Defendants; Plaintiffs' counsel or anyone employed by Plaintiffs' counsel in this action and their immediate families; any judge to whom this case is assigned and any member of their immediate family and staff; governmental entities; or individuals who have personal injury claims as a result of conduct and/or defects alleged herein.

30. Plaintiffs reserve the right to amend or supplement the Class descriptions with greater specificity or further division into subclasses or limitation to certain issues, after conducting discovery in this matter.

31. Plaintiffs also reserve the right to amend or supplement the definition of the PAIGE Jeans to, e.g., include additional products with similar defects, after conducting discovery in this matter.

32. **<u>Numerosity of the Class</u>** – The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and

believe that Defendants sold tens of thousands of pairs of the PAIGE Jeans during the relevant time period. Disposition of the claims in a class action context will provide substantial benefits to the parties and the Court.

33. **Commonality and Predominance** – Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members, as is required by Fed. R. Civ. P. 23(a)(2) and (b)(3). These common questions include, but are not limited to:

   a. Whether the PAIGE Jeans are defectively designed or manufactured;

   b. Whether such defects constitute a breach of the implied warranties inherent in the sale of such products;

   c. Whether Defendants are merchants with respect to goods of the kind of the PAIGE Jeans;

   d. Whether Defendants made misleading or fraudulent representations regarding the quality of the PAIGE Jeans to consumers;

   e. Whether Defendants were unjustly enriched by their sale of the PAIGE Jeans to consumers;

   f. Whether Plaintiffs and Class members suffered out-of-pocket losses as a result of Defendants' actions and/or inactions alleged herein;

   g. Whether Plaintiffs and Class members are entitled to damages and monetary relief and, if so, in what amount; and

  h. Whether a declaration and/or injunction is appropriate to prevent Defendants from making future false or misleading representations regarding the PAIGE Jeans.

34. **<u>Typicality</u>** – The claims of the representative Plaintiffs are typical of the claims of each member of the Class, thus satisfying Fed. R. Civ. P. 23(a)(3). Plaintiffs, like all other members of the Class, sustained damages arising from Defendants' breaches of the implied warranty in the PAIGE Jeans, from Defendants' misleading or fraudulent statements regarding the quality of the PAIGE Jeans, and from Defendants' unjust enrichment, as alleged herein. The representative Plaintiffs and the members of the Class were and are similarly or identically harmed by the same misconduct engaged in by Defendants. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of all other members of the Class.

35. **<u>Adequacy</u>** – The representative Plaintiffs will fairly and adequately represent and protect the interests of the Class members and have retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation, thus satisfying Fed. R. Civ. P. 23(a)(4). There are no material conflicts between the claims of the representative Plaintiffs and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

36. **<u>Superiority</u>** – This suit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3), because a class action is superior to any other available

means for the fair and efficient adjudication of this dispute and no unusual difficulties are likely to be encountered in the management of this class action. The damages suffered by individual Class members are small in comparison to the burden and expense of individually litigating each claim. Further, it would be virtually impossible for the Class members to individually redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from the legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

37. **Ascertainability**: Upon information and belief, the precise number of Class members may be ascertained from Defendants' sales records. Plaintiffs contemplate the eventual issuance of notice to the proposed Class members setting forth the nature of the instant action. Upon information and belief, Class members may be notified of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and published notices, in addition to Defendants' business records.

## VI.   CLAIMS FOR RELIEF:

**COUNT ONE**
**Breach of the Implied Warranty of Merchantability**
**(Against Defendant PAIGE)**

38.   Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 37 as though fully stated herein.

39.   Plaintiff Ihlenfeld asserts this claim on behalf of herself and all members of the Class who purchased a pair of PAIGE Jeans from physical retail stores managed by PAIGE, whether in Florida or in any other state having similar laws regarding the breach of implied warranty.

40.   PAIGE is a merchant with respect to goods of the kind of the PAIGE Jeans.

41.   The PAIGE Jeans sold to Ihlenfeld and the above-described members of the Class violated the implied warranty of merchantability. Because of the above-described defect, they are not merchantable and not fit for the ordinary purposes for which such goods are used, i.e., as luxury fashion clothing.

42.   As a direct and proximate result of PAIGE's breaches of the implied warranty, Ihlenfeld and the above-described members of the Class received goods whose latent defect substantially impairs their value to consumers such as themselves.

43.   Ihlenfeld and the above-described members of the Class were unaware of this defect and reasonably could not have discovered it before they purchased their PAIGE Jeans.

44. Ihlenfeld and the above-described members of the Class seek damages based on the diminished value of their PAIGE Jeans as a result of this latent and material defect, and all other damages allowable under law.

## COUNT TWO
### Breach of the Implied Warranty of Merchantability
### (Against Defendant Nordstrom)

45. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 37 as though fully stated herein.

46. Plaintiffs Patterson, Zywicki, Olins and Murrell assert this claim on behalf of themselves and all members of the Class who purchased a pair of PAIGE Jeans from Nordstrom's retail stores, whether in Florida or in any other state having similar laws regarding the breach of implied warranty.

47. Nordstrom is a merchant with respect to goods of the kind of the PAIGE Jeans.

48. The PAIGE Jeans sold to Patterson, Zywicki, Olins and Murrell and the above-described members of the Class violated Nordstrom's implied warranty of merchantability. Because of the above-described defect, they are not merchantable and not fit for the ordinary purposes for which such goods are used, i.e., as luxury fashion clothing.

49. As a direct and proximate result of Nordstrom's breach of the implied warranty, Patterson, Zywicki, Olins and Murrell and the above-described members of the Class received goods whose latent defect substantially impairs their value to consumers such as themselves.

50. Patterson, Zywicki, Olins and Murrell and the above-described members of the Class were unaware of this defect and reasonably could not have discovered it before they purchased their PAIGE Jeans.

51. Patterson, Zywicki, Olins and Murrell and the above-described members of the Class seek damages based on the diminished value of their PAIGE Jeans as a result of this latent and material defect, and all other damages allowable under law.

## COUNT THREE
**In the Alternative, Unjust Enrichment
(Against All Defendants)**

52. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 37 as though fully stated herein. Plaintiffs plead this count in the alternative should Plaintiffs' statutory claims fail or be dismissed.

53. Plaintiffs assert this claim on behalf of themselves and all Class members nationwide.

54. Defendants knew or reasonably should have known of the defect in the PAIGE Jeans but failed to disclose the defect to Plaintiffs and the Class either at or before the time of purchase.

55. Plaintiffs and the Class conferred upon Defendants payment for these products, which were benefits that were clearly non-gratuitous. They did so without knowledge of the defects affecting the products, which rendered them effectively useless for their purpose as luxury fashion clothing.

56. Defendants appreciated, accepted and retained the non-gratuitous benefits conferred by Plaintiffs and the Class despite the defects in the PAIGE Jeans. Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiffs and the Class under these circumstances is unjust and inequitable, and Defendants should pay restitution.

## COUNT FOUR
**Florida Unfair and Deceptive Trade Practices Act**
**(Against All Defendants)**

57. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 37 as though fully stated herein.

58. Patterson asserts this claim on behalf of himself and all Class members who are residents of Florida.

59. The Florida Unfair and Deceptive Trade Practices Act ("FUDTPA") prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the state.

60. Defendants materially misrepresented the quality of the PAIGE Jeans, including by failing to disclose the latent defect which would quickly render the products useless as luxury, designer fashion clothing.

61. Defendants' material misrepresentations and omissions were made in the course of their respective businesses.

62. Defendants' actions and/or inactions directly injured Patterson and the members of the Class who are Florida residents, as described herein.

63. Patterson and the above-described members of the Class seek to recover all permitted damages and their attorneys' fees caused by Defendants' violations of the FUDTPA.

## VII.   PRAYER FOR RELIEF:

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for a judgment against Defendants as follows:

A. For an order certifying the Class, appointing Plaintiffs as Representatives of the Class, and appointing the undersigned law firms as counsel for the Class;

B. For compensatory damages to the extent permitted by law in an amount to be proven at trial;

C. For an order requiring Defendants to disgorge all profits, benefits, and other compensation they obtained from the sale of these defective products, including actual damages, and to pay restitution to Plaintiffs and the Class;

D. For an order declaring, adjudging, and decreeing the conduct of the Defendants as alleged herein to be unlawful, unfair and/or deceptive, and enjoining any such future conduct;

E. For payment of Plaintiffs' costs and expenses of suit herein incurred including reasonable attorneys' fees as permitted by law;

F. Both pre-and post-judgment interest on any amounts awarded; and

G. Such other and further relief as the Court may deem proper.

## VIII. DEMAND FOR JURY TRIAL:

Plaintiffs and the Class hereby demand trial by jury of all issues triable by right.

Dated: December 22, 2022          Respectfully submitted,

*/s/ Marcus W. Corwin, Esq.*
Marcus W. Corwin, Esq. (Bar #764647)
MARCUS W. CORWIN, P.A. d/b/a CORWIN LAW
6501 Congress Avenue, Suite 100
Boca Raton, FL 33487
Telephone: 561.482.3636
Facsimile: 561.482.5414
mcorwin@corwinlawfirm.com

Jeffrey C. Schneider, Esq. (Bar #933244)
Victor Petrescu, Esq. (Bar #85268)
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
100 SE 2nd Street, 36th Floor
Miami, FL 33131
Telephone: 305.403.8788
Facsimile: 305.403.8789
jcs@lklsg.com
vp@lklsg.com

*Attorneys for Plaintiffs and the Proposed Class*